IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Action No. 23-cr-00077-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. JOHN STERLING COAD,

     Defendant.

---

## ORDER

---

This matter comes before the Court on the government's Motion to Dismiss the Indictment [Docket No. 170], wherein the government, in addition to asking the Court to dismiss the case "solely for reasons related to the mental health condition" of Mr. Coad, requests that the Court order the Attorney General to perform a § 4246 dangerousness evaluation, with a recommendation that it be conducted at either FMC Springfield or FMC Butner.[1]  *Id.* at 1–2.

---

[1] Before the January 2, 2025 competency hearing, the government filed a notice that – in the event the Court found Mr. Coad was unlikely to be restored – it intended to request that Mr. Coad be temporarily committed for a dangerousness evaluation. Docket No. 164 at 3.  At the January 2, 2025 hearing, the Court asked the parties to file briefs that addressed whether Mr. Coad should be committed for a dangerousness evaluation in the event the Court found him incompetent to proceed and unlikely to be restored.  Docket No. 165 at 2.  The parties filed such briefing.  *See* Docket Nos. 166, 168.  Thus, the issue of whether the Court should order the Attorney General to conduct a dangerousness evaluation has been fully briefed.

## I.    BACKGROUND

On March 21, 2023, Mr. Coad was indicted with four counts of violating 18 U.S.C. § 876(c), Docket No. 1 at 1–2, based on mailing threatening communications to T.W., a former Colorado state district attorney who prosecuted defendant in 2007.[2]  On March 28, 2023, Mr. Coad made his initial appearance.  Docket No. 9.

On April 12, 2023, the government and defense counsel filed a joint motion for a competency hearing.  Docket No. 20.  On May 8, 2023, the Court granted the parties' joint motion, finding that there was reasonable cause to believe that Mr. Coad was presently suffering from a mental disease or defect rendering him mentally incompetent. Docket No. 27.  On June 15, 2023, the Court conducted a competency hearing and found by a preponderance of the evidence that Mr. Coad was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the consequences of the proceedings against him or unable to assist properly in his defense.  Docket No. 50 at 2-3.  The Court ordered that Mr. Coad be committed to the custody of the Attorney General to determine whether there was a reasonable probability that in the foreseeable future he would attain the capacity to permit the proceedings to go forward.  *Id*. at 2.  On January 18, 2024, the defendant arrived at the Federal Medical Center ("FMC") Devens to be restored to competency. Docket No. 122 at 1.  On June 13, 2024, Warden F.J. Bowers of FMC Devens certified that Mr. Coad had been restored.  Docket No. 129 at 1-2.  The letter from Warden

---

[2] Counts One and Two charge sentencing enhancements based on the fact that T.W. is now a federal immigration judge covered by 18 U.S.C. § 1114.  Docket No. 1 at 1.

Bowers attached the forensic medical report of Dr. Miriam Kissin, Doctor of Psychology, supporting that finding.  *Id*. at 3–26.

The Court set a restoration hearing for July 24, 2024.  Docket No. 131.  Defense counsel filed an unopposed motion to continue the hearing so that she could further investigate Mr. Coad's competency.  Docket No. 133 at 2–4.  The Court granted the motion and reset the hearing for November 22, 2024.  Docket No. 135.  On November 14, 2024, the parties filed a joint motion to continue the restoration hearing due to the unavailability of their experts.  Docket No. 148 at 2, ¶¶ 4–5.  The Court granted the motion, and the hearing was reset for January 2, 2025.  Docket Nos. 149, 151.

On January 2, 2025, the Court held a restoration hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d).  Docket No. 165.  On January 13, 2025, the Court found that Mr. Coad had not been restored.  Docket No. 169.  Specifically, the Court found by a preponderance of the evidence that, pursuant to 18 U.S.C. § 4241(d), Mr. Coad is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the consequences of the proceedings against him or unable to assist properly in his defense and that Mr. Coad's mental condition has not so improved as to permit the proceedings to go forward.  *Id*. at 11.  Given that the Court has found Mr. Coad is incompetent to proceed, the government requests that "the Court order an § 4246 evaluation be performed by a suitable facility under 18 U.S.C. §§ 4246(a), (b), and 4247(b)."  Docket No. 170 at 2.

## II.    ANALYSIS

Under 18 U.S.C. § 4241(d), when a court finds that a defendant has not been restored to competency and that there is not "a substantial probability that in the

foreseeable future he will attain the capacity to permit the proceedings to go forward," the defendant is subject to 18 U.S.C. §§ 4246 and 4248, which governs civil commitment proceedings.[3]  18 U.S.C. § 4241(d).  Section 4246 states, in relevant part:

> **(a) Institution of proceeding.**–If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. . . .

> **(b) Psychiatric or psychological examination and report.**–Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4246(a)–(b).  A psychological examination conducted under 18 U.S.C. § 4246(b) is governed by 18 U.S.C. § 4247(b), which states in relevant part:

> For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, 4246, or 4248, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court.  The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, 4246, or 4248, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

18 U.S.C. § 4247(b).

---

[3] The government has not indicated an intent to pursue civil commitment proceedings under 18 U.S.C. § 4248.  *See* Docket No. 170.

Counsel for Mr. Coad opposes the temporary commitment for a dangerousness evaluation, arguing that the Court lacks the authority to order such commitment because a director of a facility in which Mr. Coad is hospitalized has not certified that Mr. Coad is dangerous.  Docket No. 166 at 1–7.  She argues that the director of FMC Devens did not issue a dangerousness certificate when evaluating Mr. Coad under 18 U.S.C § 4241(d), which prevents the Court from now temporarily committing Mr. Coad for a dangerousness evaluation.  *Id*. at 2–3.  Defense counsel contends that Mr. Coad does not qualify for temporary commitment because he is not  "a person (i) 'who is in the custody of the Bureau of Prisons whose sentence is about to expire,' (ii) 'who has been committed to the custody of the Attorney General pursuant to section 4241(d),' or (iii) 'against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person.'"  *Id*. at 7 (quoting 18 U.S.C. § 4246(a)).

Courts have found that § 4241 and § 4246 conflict with one another in a way that makes the process by which a defendant undergoes civil commitment proceedings less clear.  *See United States v. Cerno*, 2023 WL 8571362, at *10 (D.N.M. Dec. 11, 2023) (collecting cases).  As defense counsel notes, § 4246 suggests that a dangerousness evaluation will occur while a defendant is hospitalized for a competency evaluation under § 4241(d).  Docket No. 166 at 1–2.  However, § 4241(d) indicates that a defendant becomes subject to § 4246 "at the end of" a defendant's hospitalization for a competency evaluation.  18 U.S.C. § 4241(d); *see Cerno,* 2023 WL 8571362, at *10.  The court in *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1031 (9th Cir. 2009), reasoned that, despite this statutory inconsistency, a district court has the ability to order a defendant to be temporarily committed for a dangerousness evaluation.  "In

authorizing the director to file a dangerousness certification, § 4246 necessarily contemplates the temporary commitment of that person so that the director can conduct the evaluation necessary to make the certification decision." *Id*. at 1032. Furthermore, "nowhere does § 4246 state that the director's certificate must be filed during the person's commitment under § 4241 or before the § 4241(d) evaluation period ends."[4] *Id*. at 1031. The Court agrees with this analysis.

Accordingly, the Court finds that there is good cause to grant the government's request for a dangerousness evaluation and will order that Mr. Coad be committed to the custody of the Attorney General for a dangerousness evaluation as governed by 18 U.S.C. §§ 4246(a)–(b) and 4247(b).

## III.    CONCLUSION

Therefore, it is

**ORDERED** that the Motion to Dismiss the Indictment [Docket No. 170] is **GRANTED in part.** That part of the motion that requests that the Court dismiss the indictment will be deferred until the dangerousness evaluation is completed. It is further

---

[4] Defense counsel's argument that the FMC Devens director "could have prepared and a filed a certificate of . . . dangerousness if [he] believed [Mr. Coad] met criteria for certification" is unavailing. Docket No. 166 at 2. The Court agrees with the holding in *United States v. Velazco-Barraza*, 2010 WL 4339347, at *4 (D.N.M. Sept. 21, 2010), that a court does not have the authority to order an evaluation of a defendant's dangerousness before the conclusion of competency proceedings under 18 U.S.C. § 4241(d). Moreover, the Court finds that the fact FMC Devens did not raise issues as to Mr. Coad's dangerousness during the restoration proceedings does not mean that a dangerousness evaluation is not warranted. A § 4241(d) competency evaluation is "materially different" from a dangerousness evaluation. *Cerno*, 2023 WL 8571362, at *11 (quoting *United States v. Curbow*, 16 F.4th 92, 96 (4th Cir. 2021)).

**ORDERED** that John Sterling Coad is committed to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed forty five days, as is necessary to determine whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available.  The director of the facility may apply to the Court for a reasonable extension, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant, but not to exceed thirty days.

DATED January 14, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge